

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JANE DOE, Codington County Court Services Officer, professionally and individually; DAWN ELSHIRE, Codington County States Attorney, professionally and individually; PATRICK MCMANN, Codington County States Attorney, professionally and individually; MARTY JACKLEY, South Dakota Attorney General, professionally and individually (2015-21); AND JASON RAVNSBORG, South Dakota Attorney General, professionally and individually (2015-21);<br><br>　　　　　Defendants. | 1:21-CV-01020-CBK<br><br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that, in 2015, defendant Jane Doe negligently released his presentence investigation report before he was convicted of a crime, in violation of his constitutional and statutory rights. Plaintiff alleges that, in 2015, defendant Dawn Elshire negligently allowed plaintiff to enter a guilty but mentally ill plea prior to a mandatory mental health assessment, resulting in his incarceration for two and one-half years in violation of his constitutional and statutory rights. Plaintiff alleges that, in September 2017, defendant Patrick McMann entered into a stipulation and settlement agreement with plaintiff to settle plaintiff's then pending state court habeas proceeding knowing that plaintiff was mentally ill and could not contract, in violation of plaintiff's constitutional and statutory rights. Plaintiff seeks an order requiring the above defendants to audit their records and report

any other instances where they engaged in similar conduct. Although he does not allege any specific wrongdoing by the South Dakota Attorneys General, plaintiff seeks an order requiring the Attorneys General to audit records and report any cases where a guilty but mentally ill plea was attempted or entered into without a prior mental health assessment and hearing. Plaintiff seeks an order requiring defendants to establish policies preventing similar constitutional and statutory violations. Plaintiff seeks an assessment of fines and damages in the maximum amount allowed under state law for failing to comply with state statutes. Finally, he seeks $3 million in damages for pain and suffering for the length of his incarceration.

## DECISION

### I. Prepayment of the Filing Fee.

Plaintiff has filed a motion to proceed without the prepayment of fees. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is an inmate in the custody of the Codington County, South Dakota, jail. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $ 0.00.

### II. Screening.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints prior to service of process being issued and to dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's *pro se* complaint liberal construction

and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

I have conducted an initial review as required by § 1915A. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988).

### A. Official Capacity Claims.

Plaintiff sued all of the defendants in both their individual and official capacities.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Kentucky v. Graham, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (internal citations omitted). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Further, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) citing Will v. Michigan Dep't of State Police, supra.

Plaintiff's claims against the defendants in their personal capacities fail to state a claim upon which relief can be granted.

**B. Heck Bar.**

The United States Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372–73, 129 L. Ed. 2d 383 (1994). The Heck bar has been referred to as the "favorable-termination rule." Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007).

> Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Heck v. Humphrey, 512 U.S. at 489–90, 114 S. Ct. at 2374.

The criminal proceedings upon which plaintiff's complaint is based were filed in South Dakota Circuit Court, Third Judicial District, Codington County, 14CRI15-000092. I take judicial notice of the South Dakota state court records involving plaintiff, which are available through the Unified Judicial System's eCourts portal. Shane Waliezer is the plaintiff in this matter but was a defendant in his state court criminal file. For clarity, I will refer to the plaintiff herein as Waliezer.

4

Waliezer was charged in 2015 with the crimes of aggravated assault by choking, interference with emergency communications, and domestic abuse simple assault. An amended complaint charged aggravated assault and sexual exploitation of a minor. On March 4, 2015, Waliezer entered a guilty but mentally ill plea to an information charging aggravated assault and sexual exploitation of a minor. The state trial court accepted the guilty pleas but subsequently withdrew acceptance because no psychiatric examination and report had been received as required by state law. On May 13, 2015, Waliezer entered no contest pleas to the two charges. He was sentenced to 15 years custody for aggravated assault and two years custody for sexual exploitation of a minor, such sentences to be served consecutively.

Waliezer filed a *pro so* petition for a writ of habeas corpus in state court on October 23, 2015, 14CIV15-000338. An amended petition was filed through counsel on May 10, 2017. On September 11, 2017, Waliezer entered into a stipulation and agreement to resolve the habeas proceeding. Based upon the stipulation a writ of habeas corpus issued directing that Waliezer be brought before the Third Judicial Circuit, Codington County, for further proceedings. Counsel was appointed for Waliezer in his criminal case and he was released on bond. In 2018, a psychiatric evaluation was ordered. In August 2020, counsel filed a motion to dismiss the charges on the basis that continued prosecution would violate the Double Jeopardy Clause. The motion was denied in January 2021.

On February 17, 2021, a petition to revoke bond was filed on the basis that Waliezer was charged with attempted first-degree assault and stalking in Washington state court. Realizing that no order was issued on the writ of habeas corpus, on February 25, 2021, the state court issued an "Order granting Habeas Relief," in the state court habeas file ordering that the case is "remanded back to the criminal court in Codington County criminal file CR 15-92 for further proceedings."

Waliezer was extradited back to South Dakota in September 2021.

Plaintiff's criminal case was not terminated by the writ of habeas corpus. His state court criminal case is still pending. The instant case is barred by the favorable

termination rule set forth in Heck v. Humphrey, *supra*. The complaint against defendants Elshire and McMann fails to state a claim upon which relief can be granted.

### C. Jane Doe, Codington County Court Services Officer.

There is no federal Constitutional right to have a presentence investigation report disclosed only after a conviction. Fed. R. Crim. P. 32(e) prohibits a federal probation officer from disclosing the presentence investigation report to the court without the defendant's consent prior to entry of a guilty plea, plea of *nolo contendere*, or a guilty verdict. Rule 32 governs criminal proceedings in the United States district courts and does not apply to state court criminal proceedings. Fed. R. Crim. P. 1(a)(1). To the extent plaintiff alleges the probation officer's action in prematurely releasing the presentence report violates state law, his claim is not cognizable under § 1983. "[T[here is no federal constitutional liberty interest in having state officers follow state law." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

Plaintiff has failed to allege a federal constitutional or statutory right was violated by defendant Jane Doe, Codington County Court Services Officer. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against defendant Jane Doe.

### D. Dawn Elshire, Codington County States Attorney.

Plaintiff claims that States Attorney Elshire violated his rights by acquiescing to the guilty but mentally ill plea without a prior mental health examination and report and in not alerting the state court judge of the problem inherent in the guilty plea. There is no federal statutory or Constitutional right for a state court defendant to have a mental health examination conducted before a state court accepts a plea of guilty but mentally ill. "Alleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983." Whisman Through Whisman v. Rinehart, 119 F.3d 1303, 1312 (8th Cir. 1997).

There is no federal statutory right to plead guilty but mentally ill. Plaintiff's claim, if at all, arises under state law. In any event, the state court subsequently withdrew acceptance of the guilty plea and plaintiff pleaded no contest. He was not in custody as a

6

result of the earlier guilty but mentally ill plea. Plaintiff's claim against defendant Elshire fails to state a claim upon which relief can be granted.

### E. Patrick McMann, Codington County States Attorney.

Plaintiff claims that States Attorney McMann violated his rights by entering into a contract – the stipulation and agreement to resolve the habeas proceeding – when plaintiff was not competent to enter into a contract. Plaintiff's claim, if it exists, must arise under state court contract law or state habeas corpus. The claim against defendant McMann fails to state a claim upon which relief can be granted.

### F. The Attorneys General.

Plaintiff has failed to allege any wrongdoing by the South Dakota Attorneys General. He has failed to state a claim upon which relief can be granted against defendants Jackley and Ravnsborg.

### G. Prosecutorial Immunity.

The United States Supreme Court long ago held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Activities that are "intimately associated with the judicial phase of the criminal process" are "functions to which the reasons for absolute immunity apply with full force." Imbler v. Pachtman, 424 U.S. at 430, 96 S. Ct. at 995.

Defendant Elshire's activities in negotiating a plea agreement and appearing before the state trial court representing the State at a change of plea hearing are activities that are intimately associated with the judicial phase of the criminal process. Likewise, Defendant McMann's activities in negotiating a resolution of the habeas case and reducing that resolution to writing are activities that are intimately associated with the judicial phase of the criminal process.

Plaintiff's claims against defendants Elshire and McMann are barred by prosecutorial immunity. "Dismissals based on immunity are not among the types of dismissals listed as strikes in section 1915(g)." Castillo-Alvarez v. Krukow, 768 F.3d

1219, 1220 (8th Cir. 2014). Nonetheless, plaintiff's claims against these defendants fail to state a claim upon which relief can be granted as set forth above.

### III. PLRA Three Strikes Provision.

In an effort to curb the flood of non-meritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three strikes provision which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016).

Plaintiff's claims in 1:15-cv-01318-CBK were dismissed for failure to state a claim and that dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff's claims in 3:15-cv-03022-CBK were also dismissed for failure to state a claim and that dismissal counts as a strike pursuant to 28 U.S.C. § 1915 (g). Plaintiff's claims in this action fail to state a claim. The dismissal in this case will count as plaintiff's third strike. The three strikes provision of the PLRA prevents any future court from affording in forma pauperis status absent a showing that the plaintiff is under imminent danger of serious physical injury. Coleman v. Tollefson, 575 U.S. 532, 536, 135 S.Ct. 1759, 1762, 191 L.Ed.2d 803 (2015).

Now, therefore,

IT IS ORDERED:

1. Plaintiff's applications, Docs. 2 and 16, to proceed without the prepayment of the filing fee are granted.

2. Plaintiff is unable to pay an initial filing fee and the initial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4).

3. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

5. Plaintiff's motion, Doc. 3, for the appointment of counsel is denied.

6. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal counts as a third strike pursuant to 28 U.S.C. § 1915(g).

DATED this 6th day of October, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge